# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

RECEIVED

2006 FEB 13  P 1: 11

**LYNN ANDREWS, et. al.,**

     **PLAINTIFFS,**

**vs.**

**SCHELL & KAMPETER, INC.,**
**et. al.,**

     **DEFENDANT.**

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA
**CIVIL ACTION NO.** 2:06CV136-A

## DEFENDANT'S NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Schell & Kampeter, Inc. d/b/a Diamond Pet Foods ("Defendant"), hereby removes this action pursuant to 28 U.S.C. §§ 1332 and 1453 from the Circuit Court of Lowndes County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, and respectfully state to this Court as follows:

1.  The named Plaintiff in this class action is Lynn Andrews ("Andrews"). She filed this action individually and on behalf of other similarly situated persons in the State of Alabama. On January 11, 2006, Andrews filed suit in the Circuit Court of Lowndes County, Alabama. The suit was assigned civil action number 2006-4. A true and accurate copy of the summons and complaint is attached as Exhibit A.

2.    Plaintiffs are citizens of the State of Alabama.

3.    The only named defendants are Schell & Kampeter, Inc., and Diamond Pet Foods.

4.    Schell & Kampeter, Inc. ("S&K") is a Missouri company with its principal place of business located in Meta, Missouri. S&K was served on or about January 17, 2006.

5.    Diamond Pet Foods ("Diamond Pet") is a trademark/tradename for S&K and is not a separate corporation.

6.    This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1453 allowing this class action to be removed to this Court pursuant to 28 U.S.C. § 1332 and under the Class Action Fairness Act of 2005, Pub. L. 109-2 (Feb. 18, 2005) because (a) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and (b) the number of members of all proposed Plaintiff classes in the aggregate is not less than 100.

## DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

7.    This Notice of Removal is being timely filed pursuant to 28 U.S.C. § 1446(b) because it is filed within thirty days of service on all properly served defendants.

2

8.    The United States District Court for the Middle District of Alabama (Northern Division) embraces the county in which the state court action is now pending. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 81(b)(1) & 1441(a).

9.    There is no other defendant other than S & K. The only named and served defendant is a party to this removal.

10.   Pursuant to 28 U.S.C. § 1446(d), Defendant is filing written notice of this removal with the Clerk of the State Court in which the action is currently pending. Copies of the Notice of Filing Notice of Removal, together with this Notice of Removal, are being served upon Plaintiffs' counsel pursuant to 28 U.S.C. § 1446(d).

### REMOVAL IS PROPER IN THIS CASE BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332(d)

11.   This action is a class action as defined by 28 U.S.C. § 1332(d)(1)(B). The requirements of 28 U.S.C. § 1332(d) are applicable before or after the entry for a class certification order. *See* 28 U.S.C. § 1332(d)(8).

12.   There is complete diversity as between Plaintiffs and Defendant.

13.   Upon information and belief, Plaintiffs in this class-action suit are, and were at the time this suit was commenced, residents and citizens of the State of Alabama. In fact, the Complaint specifically states that Plaintiff

3

Andrews is a resident of Alabama and that she represents a putative class
of persons all within the State of Alabama.

14. Defendant is, and was at the time this suit was commenced, a corporation
organized under the laws of the State of Missouri with its principal place
of business in Meta, Missouri, and, therefore, is a citizen of Missouri for
purposes of determining diversity.

15. The Complaint includes a number of fictitious defendants, whose
citizenship is ignored for removal purposes. *See* 28 U.S.C. § 1441(a).

16. The diversity requirements of 28 U.S.C. § 1332(d) have been met
because Andrews is a citizen of Alabama, and the only named Defendant
is a citizen of Missouri. *See* 28 U.S.C. § 1332(d)(2)(c).

17. The Complaint alleges that Defendant negligently manufactured certain
pet foods that were contaminated with a fungal toxin.  Specifically,
Plaintiffs assert causes of action for breach of implied warranties,
negligence, breach of express warranty, products liability, and unjust
enrichment.

18. On December 20, 2005, Defendant issued a media statement stating that
some of their products contained aflatoxin, a naturally occurring toxic
chemical by-product. Out of an abundance of caution, Defendant recalled
any and all potentially affected products.

4

19.    As the company has disclosed on its website, product bagged in the Gaston, S.C., plant is suspected of containing alfatoxins.

20.    Said products were distributed in several states east of the Mississippi river, including Alabama.  Other states serviced by the Gaston, S.C., facility include Connecticut, Delaware, Florida, Georgia, Kentucky (eastern), Maine, Maryland, Massachusetts, Mississippi, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, West Virginia, Vermont, and Virginia. *See* Affidavit of Mark Schell, attached hereto as Exhibit B.

21.    Two weeks before the filing of the instant suit — on December 27, 2005 — a suit seeking certification of a class action in every state which the Gaston, S.C., plant serviced was filed in United States District Court for the Eastern District of Tennessee, styled *Nicole D. Bass v. Schell & Kampeter, Inc. and Diamond Pet Foods, Inc.*, 3:05-cv-586.  A copy of that complaint is attached as Exhibit C.  That complaint makes almost identical allegations to those asserted by the Plaintiff here.

22.    The Tennessee federal court complaint alleges that the federal court has jurisdiction under the Class Action Fairness Act of 2005, Pub. L. 109-2 in that the amount in controversy exceeds $5,000,000. *See* Exhibit C, ¶ 2.

5

23.   The Tennessee federal court complaint alleges that the numbers of potential class members are too numerous to join. *See* Exhibit C, ¶ 60.

24.   Given the distribution of product in those states, it is almost certain that Alabama does not constitute more than one-third of the total number of all potential affected customers. *See* Affidavit of Mark Schell ¶ 5.

25.   It is certain, based upon the chain of distribution of the product in question, that two-thirds of all potential affected customers do not reside in the State of Alabama. *See* Affidavit of Mark Schell ¶ 5.

26.   After December 20, 2005, Defendant set up a web site as a way to register potential claims from those who may have been affected by the recalled products. *See* Affidavit of Mark Schell ¶ 7.

27.   Based on these potential claims and other information, it is substantially certain that the number of members of all proposed plaintiff classes in the State of Alabama will exceed 100, as required by 28 U.S.C. § 1332(d)(5)(B).

28.   As the affidavit of Mark Schell establishes, the number of notices that Defendant has received for potential claims in Alabama alone since mid-December 2005 has risen substantially in a matter of a few weeks. As of Jan. 20, Defendant had received 36 Alabama notices. As of Jan. 26,

Defendants had received 70 Alabama notices. As of Feb. 3, Defendant had received 82 Alabama notices on the web site. *See* Exhibit B ¶ 7.

29.    Defendant estimates that 15,000 bags of pet food from the Gaston, S.C. plant were shipped into Alabama by independent distributors during the month of December 2005. See Exhibit B, ¶ 8.

30.    Moreover, Plaintiffs' Complaint states that the purported class is "so numerous that joinder of all class members is impracticable." Complaint ¶ 35.

31.    While Defendant does not concede this action is appropriate for class treatment and reserves the right to challenge the treatment of this case as a class, given the fact that (1) Defendant has received 82 notices of Alabama claims less than seven weeks after issuing its initial consumer alert; (2) Defendant sold thousands of bags of potentially contaminated pet food in Alabama; (3) Defendant sold its products via 244 Alabama vendors/retail locations; and (4) Plaintiffs themselves acknowledge that the class is so numerous as to make joinder impossible, it is certain that if class certification is issued the number of proposed Plaintiffs in this class action suit will reach more than 100. *See* Exhibit B; Complaint.

32.    While Defendant also challenges the claims of damages that Plaintiffs may make, the amount in controversy of this putative class action for

jurisdictional purposes exceeds the sum or value of $5,000,000, exclusive of interest and costs, as required by 28 U.S.C. §§ 1332(d)(2) and 1332(d)(6). A removing party's burden where plaintiff has asked for an unspecified amount of damages is only to show that "the amount in controversy more likely than not exceeds the...jurisdictional requirement." Tapscott vs. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir., 1996), overruled on other grounds, Cohen vs. Office Depot, Inc., 204 F.3d 1069 (11th Cir., 2000). "The appropriate measure is the litigation value of the case assuming that the allegations of the complaint are true and assuming a jury returns a verdict for the plaintiff on all claims made in the complaint." Jackson v. American Bankers Insurance Company of Florida, 976 F. Supp. 1450, 1454 (S.D. Ala. 1997). Essentially, the test is whether Plaintiff's counsel, at the time suit was filed in state court, probably expected to receive more than $5,000,000 if it prevailed before a jury on all of the claims asserted.

33.   Plaintiffs demand damages for breach of implied warranties, negligence, breach of express warranty, products liability, and unjust enrichment. At a minimum, Plaintiffs are likely to seek damages based on their alleged purchase and use of the potentially contaminated pet food as well as alleged veterinary bills and other expenses.

8

34. Plaintiffs fail to allege a specific claim for damages. While Defendant vigorously contests that the amount of damage for any one case would be as high as $74,000, the Complaint does state that the damages sought for each class member will not exceed $74,000 per member, including interest, costs, and attorney's fees. Complaint, "Prayer for Relief," ¶ 2. This indicates that the Plaintiffs may seek damages up to $74,000 per class member.

35. Even if the number of proposed Plaintiffs reached only 100, the amount in controversy would clearly exceed the $5,000,000 threshold. From a mathematical standpoint, 100 Plaintiffs would need to claim only $50,000 in damages, with one Plaintiff claiming $50,000.01 in damages, exclusive of interest and costs, to exceed $5,000,000. Of course, the minimum amount in controversy required per class member decreases as the total number of proposed class members increases, and Plaintiffs cannot know or allege at this time that the size of the putative class will be below 100 members.

36. The jurisdictional standard assumes the Plaintiffs will prevail on every claim and recover the maximum amount possible. Assuming Plaintiffs' own damages estimate, and the "numerous" class members, the amount in controversy clearly exceeds the $5,000,000 threshold.

37.    Furthermore, because at least one other class action has been filed against Defendant alleging liability for the potentially contaminated food at issue in this suit prior to the filing of this action, at a minimum this case should be removed to federal court because the federal class-action lawsuit filed in Tennessee purports to encompass these Alabama Plaintiffs. *See* Exhibit C ¶ 59.

WHEREFORE, Defendant Schell & Kampeter, Inc. d/b/a Diamond Pet Foods respectfully remove this action from the Circuit Court of Lowndes County, Alabama, bearing civil action number CV-06-4, to this Court, pursuant to 28 U.S.C. §§ 1332(d) and 1453.

DATED this 13th day of February, 2006.

Respectfully submitted,

Dennis R. Bailey (BAI028)
Robert C. Ward, Jr. (WAR038)
Bethany L. Bolger (BOL035)

Attorneys for Defendant Schell & Kampeter, Inc. d/b/a Diamond Pet Foods

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama   36101-0270

10

(334) 206-3234 (Bailey phone)
(334) 206-3229 (Ward phone)
(334) 206-3194 (Bolger phone)
(334) 481-0031 (fax)
drb@rsjg.com (Bailey e-mail)
rcw@rsjg.com (Ward e-mail)
bbolger@rsjg.com (Bolger e-mail)

## **CERTIFICATE OF SERVICE**

I hereby certify that I have served a copy of the foregoing document upon the following counsel of record by placing a copy of same in the United States Mail, first class postage prepaid, on this the 13th day of February 2006.

> Mr. Jason A. Stuckey
> Gulas & Stuckey
> 2031 2nd Avenue North
> Birmingham, Alabama   35203

Of counsel

11