## IN THE CIRCUIT COURT OF LOWNDES COUNTY, ALABAMA

| | |
|---|---|
| **LYNN ANDREWS, on behalf of herself**<br>**and all other similarly situated persons**<br>**within the State of Alabama,** | )<br>)<br>)<br>) |
| **Plaintiff,** | )<br>) |
| v. | ) CIVIL ACTION NUMBER: _CV 06-4_<br>) |
| **SCHELL & KAMPETER, INC., a**<br>**foreign corporation; DIAMOND PET** | )<br>) |

**FOODS, a foreign business entity; FICTITIOUS DEFENDANTS 1,2 & 3,** whether singular or plural, being those persons firms, corporations or other entities that manufactured, produced or sold the pet food made the basis of this lawsuit; **FICTITIOUS DEFENDANTS 4, 5 & 6,** whether singular or plural, being those persons firms, corporations or other entities which had any role in the distributive chain regarding the pet food made the basis of this lawsuit; **FICTITIOUS DEFENDANTS 7, 8 & 9,** whether singular or plural, being those persons firms, corporations or other entities that tested, inspected, approved, and/or issued any approval of the pet food made the basis of this lawsuit; **FICTITIOUS DEFENDANTS 10, 11 & 12,** whether singular or plural, being those persons firms, corporations or other entities whose breach of contract or warranty contributed to cause the injury made the basis of this lawsuit; **FICTITIOUS DEFENDANTS 13, 14 & 15,** whether singular or plural, being those persons firms, corporations or other entities whose negligence, wantonness or other wrongful conduct contributed to cause the injury made the basis of this lawsuit; **FICTITIOUS DEFENDANTS 16, 17 & 18,** whether singular or plural, being those persons firms, corporations or other entities which are the successor or predecessor in interest of any of the entities described above; Plaintiff avers that the identities of the fictitious parties defendant herein are otherwise unknown to the plaintiff or their identities as proper part defendants are not known at this time and their true name will be substituted by amendment when ascertained.

**Defendants.**

### CLASS ACTION COMPLAINT

Plaintiff LYN ANDREWS ("Plaintiff" or "Andrews") files this Complaint individually and on behalf of a putative class of all other persons within the State of Alabama s who are similarly situated.

1



EXHIBIT
A

## INTRODUCTION

1.    This is a statewide class action against the named Defendants by the Plaintiff, individually and on behalf of a putative class consisting of all persons or entities residing within the State of Alabama that purchased, used, took delivery of, or otherwise acquired possession of certain pet food.

2.    As used in this Complaint, the terms "pet food" or "pet foods" refer to any and all pet foods that was produced, manufactured, marketed or sold to persons or entities residing within the State of Alabama during the two (2) year period of time preceding the filing of this action that was contaminated and/or otherwise rendered dangerous due to the presence of a fungal toxin.

3.    The Plaintiff, individually and on behalf of the putative class, seeks compensatory damages, and other relief from the Defendants.

4.    The claims of the Plaintiff, individually and on behalf of the putative class, are based solely upon the statutory and common law of the State of Alabama.

5.    Plaintiff does not seek, and specifically disclaims any claim for, punitive damages under any of the claims, causes of action or theories of recovery set forth herein.

6.    Plaintiff does not seek any add-on attorney fees in addition to the recovery obtained on behalf of the class.

7.    The total aggregate amount of damages sought under any of the claims, causes of action or theories of recovery set forth herein, is less than $74,000 per class member, inclusive of interest, costs and attorney fees.

8.  The aggregate amount in controversy is less than Five Million Dollars ($5,000,000.00), exclusive of interest and costs.

## STATEMENT OF THE PARTIES

9.  Plaintiff realleges and adopts each of the foregoing paragraphs of this Complaint as if fully set forth herein.

10. Plaintiff, Lyn Andrews is over the age of nineteen years (19) and was residing in Lowndes County, Alabama, at all times relevant to this matter.

11. Defendant, SCHELL & KAMPETER, INC. ("Schell"), is a foreign corporation, incorporated in the State of Missouri and with its principal place of business in the State of Missouri. Upon information and belief, Schell is the owns, controls or is otherwise affiliated with Defendant, Diamond Pet Foods.

12. Defendant, DIAMOND PET FOODS ("Diamond"), is a foreign business entity, with its principal place of business being in the State of Missouri.

13. FICTITIOUS DEFENDANTS 1,2 & 3, whether singular or plural, are those persons firms, corporations or other entities that manufactured, produced or sold the pet food made the basis of this lawsuit.

14. FICTITIOUS DEFENDANTS 4, 5 & 6, whether singular or plural, are those persons firms, corporations or other entities which had any role in the distributive chain regarding the pet food made the basis of this lawsuit.

15. FICTITIOUS DEFENDANTS 7, 8 & 9, whether singular or plural, are those persons firms, corporations or other entities that tested, inspected, approved, and/or issued any approval of the pet food made the basis of this lawsuit.

3

16.    FICTITIOUS DEFENDANTS 10, 11 & 12, whether singular or plural, are those persons firms, corporations or other entities whose breach of contract or warranty contributed to cause the injury made the basis of this lawsuit.

17.    FICTITIOUS DEFENDANTS 13, 14 & 15, whether singular or plural, are those persons firms, corporations or other entities whose negligence, wantonness or other wrongful conduct contributed to cause the injury made the basis of this lawsuit.

18.    FICTITIOUS DEFENDANTS 16, 17 & 18, whether singular or plural, are those persons firms, corporations or other entities which are the successor or predecessor in interest of any of the entities described above.

## STATEMENT OF THE FACTS

19.    Plaintiff realleges each of the foregoing paragraphs as if fully set forth herein.

20.    SCHELL & KAMPETER, INC., and DIAMOND PET FOODS are in the business of, among other things, manufacturing, producing and selling pet foods.  These pet food products are sold under a variety of brand names including:

Diamond Premium Adult Dog Food
Diamond Hi-Energy Dog Food
Diamond Maintenance Dog Food
Diamond Professional for Adult Dogs
Diamond Performance Dog Food
Diamond Puppy Food
Diamond Low Fat Dog Food
Diamond Maintenance Cat Food
Diamond Professional Cat Food
Country Value Puppy
Country Value Adult Dog Food
Country Value High Energy Dog Food
Country Value Adult Cat Food
Professional Chicken & Rice Adult Dog Food
Professional Puppy Food

4

Professional Large-Breed Puppy Food
Professional Reduced Fat Cat Food
Professional Adult Cat Food
Premium Edge
Chicken Soup for the Pet Lover's Soul
Canine Club
Kirkland Signature Puppy
Kirkland Signature Chicken & Rice Adult Dog
Kirkland Signature Lamb & Rice Adult Dog
Kirkland Signature Mature Dog
Kirkland Signature Maintenance Cat
Diamond Lamb and Rice Adult
Diamond Large Breed Adult 60+
Diamond Large Breed Puppy (Lamb & Rice Puppy)
Diamond Senior 8+
Diamond Kitten
Professional Lamb and Rice
Professional Reduced Fat Chicken & Rice Dog Food

21.    There exists, and at all relevant times therein existed, a unity of interest and ownership between Schell and Diamond with regard to the manufacture, marketing, sale and distribution of the pet foods in question, and with regard to other related conduct, such that any individuality and separateness between these Defendants has ceased and these Defendants have become the alter-ego of one another.

22.    These pet foods are manufactured and produced at several facilities, one of which is located in Gaston, South Carolina.

23.    On December 20, 2005, the Defendants notified the public that it had discovered that pet foods manufactured and the Gaston plant were contaminated with aflatoxin, a toxic fungus. The Defendants stated in this announcement that "Aflatoxin is a naturally occurring toxic chemical by-product from the growth of the fungus Aspergillus flavus, on corn and other crops."

5

24.   The Defendants initiated a recall of certain pet foods based upon this contamination, and advised that the recall was limited to pet foods produced at the Gaston plant. The Defendants advised that the range of date codes at issue were "Best By 01-March-07" through Best By " 11-June-07".

25.   Defendants also stated that the contaminated pet foods were sold in the State of Alabama.

26.   Defendants stated in their recall that a pet that ingested the contaminated pet food could experience symptoms of illness including sluggishness or lethargy combined with a reluctance to eat, yellowish tint to the eyes and/or gums, and severe or bloody diarrhea, please consult your veterinarian immediately.

27.   Plaintiff purchased pet food manufactured and produced by the Defendants in late 2005.

28.   Plaintiff fed this food to her pets in Lowndes County, Alabama, and said pets thereafter became ill and exhibited symptoms consistent with exposure to aflatoxin.

29.   Plaintiff was unaware that the pet food she was feeding her pets was contaminated, and did not become aware of this contamination until she was made aware of the recall referred to herein.

30.   The Plaintiff fed the pet food in question to her pets in a reasonable and appropriate manner, and the pet food in question was the only food ingested by her pets immediately prior to the time they became ill.

31.   Plaintiff stopped feeding her pets the pet food in question as soon as she learned of the recall, and has sought veterinary advise to attempt to deal with the illnesses that her pets suffered from the ingestion of the contaminated pet food.

6

32.    Plaintiff has suffered economic and other harm as a proximate result of the use of the contaminated pet food manufacture, produced, marketed and sold by the Defendants, as have the members of the putative class she seeks to represent.

## CLASS ALLEGATIONS

33.    Plaintiff seeks to certify a class of all persons, businesses or other entities residing in the State of Alabama that purchased, bought, used or otherwise acquired pet foods that were potentially contaminated with a fungal toxin and that were produced, manufactured, market or sold by the Defendants within the two (2) years preceding the date of the filing of this action. This class includes those persons, businesses or other entities who purchased the pet foods at issue, as well as those whose pets suffered injury or death as a result of ingesting said pet foods.

34.    The Plaintiff, and the members of this putative class, have suffered economic and other damages as a proximate result of purchasing and using the contaminated pet foods.

35.    On information and belief the class is so numerous that joinder of all class members is impracticable.

36.    The exact number and identities of the class members are unknown at this time, and can only be ascertained through the records of the Defendants.

37.    The questions of law and fact common to the members of the class predominate over any questions affecting only individual class members.

38.    Among the questions of law and fact common to the class are the following:

        a.    Were the pet foods at issue defective by being contaminated with a fungal toxin..

7

b.   Were the Defendants aware at the time they produced, manufactured, marketed or sold the pet food of the possibility of this contamination.

c.   Did the Defendants provide adequate and timely disclosure to the members of the class of this contamination once it was made known to the Defendants.

d.   Were the pet foods at issue fit for the ordinary purposes for which they were intended.

e.   Did the Defendants through their marketing or sales efforts foster the belief or expectation that their pet foods were not contaminated and were superior to other similar products.

f.   Did the Defendants breach any express or implied warranties.

g.   Should the Defendants be required to remedy the problems caused by the contamination of their pet foods, and fully compensate the Plaintiff and the members of the class for all damages they suffered.

34.   Plaintiff's claims are typical of the claims of the other members of the class. All the claims arise from the purchase or use pet foods which were contaminated with a fungal toxin.

35.   Plaintiff has no interest that is antagonistic to the interests of the other members of the class, and will fairly and adequately protect the interests of the class.

36.   Plaintiff is committed to the vigorous prosecution of this action and has retained class counsel that is experienced and competent in the prosecution of class actions.

37.   The Defendants have acted, or refused to act, on grounds generally applicable to the class.

38.   The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications, and could be dispositive of the interests of other

members of the class not parties to the adjudication, or could substantially impair or impede their rights to protect their interests.

39. A class action is superior to any other available method for the fair and efficient adjudication of this controversy.

## COUNT ONE - BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE

54. Plaintiff realleges and adopts each of the foregoing paragraphs of this Complaint as if fully set forth herein.

55. Plaintiff and the members of the class were foreseeable and intended purchasers of pet foods that were produced, manufactured, marketed and sold by the Defendants.

56. When Defendants produced, manufactured, marketed and sold the pet foods at issue in this case, they knew the intended use of the products and impliedly warranted that the products were of good and merchantable quality and were not defective or unfit for the purposes for which they were intended.

57. The pet foods produced, manufactured, marketed and sold by the Defendants were not fit for their intended purposes, as said products were defective in that they were contaminated with a fungal toxin.

58. Defendants breached their implied warranties to Plaintiff and the other members of the class by producing, manufacturing, marketing and selling pet foods that were contaminated with a fungal toxin.

9

59.  Defendants are merchants of said pet foods and by express representation, and/or through a course of dealing and usage, impliedly warranted that their pet foods were safe to use, were free from contamination and were fit for their intended purpose.

60.  The actions of the Defendants, including those identified as fictitious defendants, combined and concurred to cause the damage to the Plaintiff and the members of the class.

61.  As a proximate consequence of the Defendants' wrongful conduct, the Plaintiff and the other members of the class have suffered economic and other injuries and will suffer injuries in the future.

## COUNT TWO - NEGLIGENCE

62.  Plaintiff realleges and adopts the foregoing paragraphs of this Complaint as if fully set forth herein.

63.  Defendants knew, or should have known, at the time they produced, manufactured, marketed and sold the pet foods at issue to the Plaintiff or the other members of the class that said products were contaminated and that they could injure or kill any animal that ingested said pet foods.

64.  Defendants had a duty to exercise reasonable care in manufacturing, producing, testing, inspecting, marketing and selling these pet foods, and in providing truthful and adequate information to the Plaintiff and the other members of the class both before and after they purchased, used or otherwise acquired any pet foods that were contaminated with a fungal toxin.

65.  The Defendants negligently manufactured, produced, tested, inspected, marketed or sold said pet foods by failing to ensure that said products were free of contamination and by failing to

inform the Plaintiff and other members of the class, in a timely and reasonable manner, of said contamination when the Defendants learned of its existence.

66. The actions of the Defendants, including those identified as fictitious defendants, combined and concurred to cause the damage to the Plaintiff and the members of the class.

67. As a proximate consequence of this conduct, the Plaintiff and the other members of the class have suffered economic and other injuries and will suffer injuries in the future.

## COUNT THREE - BREACH OF EXPRESS WARRANTY

70. Plaintiff realleges and adopts each of the foregoing paragraphs of this Complaint as if fully set forth herein.

71. Plaintiff, and the members of the class, purchased, acquired or otherwise used the pet foods at issue in this matter.

72. Defendants expressly warranted that these pet foods were free of contaminants and were fit for their intended purposes.

73. Defendants have breached and/or failed to honor said warranty by failing to provide their pet foods in a defect free condition, and by failing and/or refusing to remedy or correct this problem and compensate the Plaintiff and other members of the putative class for all their damages.

74. The actions of the Defendants, including those identified as fictitious defendants, combined and concurred to cause the damage to the Plaintiff and the members of the class.

75. As a proximate consequence of this conduct, the Plaintiff and the other members of the putative class have suffered economic and other injuries and will suffer injuries in the future.

## COUNT FOUR - PRODUCTS LIABILITY
## (ALABAMA EXTENDED MANUFACTURERS' LIABILITY DOCTRINE)

76.    Plaintiff realleges and adopts each of the foregoing paragraphs of this Complaint as if fully
set forth herein

77.    Defendants were engaged in the business of producing, manufacturing, testing, inspecting,
preparing for sale, distributing, selling, marketing, retailing, or placing on the market the pet
foods at issue.

78.    The pet foods were expected to, and did, reach the Plaintiff and the other members of the
class without substantial change in the condition in which they were produced, manufactured
and sold.

79.    The pet foods left the Defendants' control in an unreasonably dangerous condition and were
not fit for their expected uses, as they were contaminated with a fungal toxin.

80.    The contamination of these pet foods, which caused them to be in such an unfit condition
directly and proximately caused the economic and other injuries to the Plaintiff and to the
other members of the class, and they will be injured and damaged in the future.

81.    The contamination to these pet foods was unknown to the Plaintiff and to the members of
the class, and could not have been discovered by them prior to purchasing and using the pet
foods.

82.    The actions of the Defendants, including those identified as fictitious defendants, combined
and concurred to cause the damage to the Plaintiff and the members of the class.

83.    As a proximate consequence of this wrongful conduct, the Plaintiff and the other members of the putative class have suffered economic and other injuries and will suffer injuries in the future.

## COUNT FIVE - UNJUST ENRICHMENT

84.    Plaintiff realleges and adopts each of the foregoing paragraphs of this Complaint as if fully set forth herein.

85.    Defendants have received economic benefits through the sale of the contaminated pet foods at issue in this matter.

86.    Plaintiff and the members of the putative class have suffered economic damages through the purchase of the contaminated pet foods at issue in this matter.

87.    It would be unjust and inequitable to allow the Defendants to retain the economic benefits they obtained through the sale of the contaminated pet foods at issue.

## PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff, individually and on behalf of the members of the class, prays for judgment and relief in an amount to be determined by a jury as follows:

1.    For an order certifying that this case may be maintained as a class action.

2.    For the award of compensatory damages to the Plaintiff and each class member, in an amount including interest, costs and attorney's fees not to exceed $74,000 per class member.

3.    For the return of any sums already paid by the Plaintiff or any member of the class to remedy or correct said problems.

13

6.      For pre-judgment and post-judgment interest.

7.      For costs of this action.

8.      For such other and different relief as the Court may deem necessary or appropriate.


_____
Ike Gulas (GUL009)
Jason A. Stuckey (STU019)
Attorneys for the Plaintiff and the class

**OF COUNSEL:**

Gulas & Stuckey, P.C.
2031 2nd Avenue North
Birmingham, AL 35203
(205) 879-1234
Fax: (205) 879-1247


### JURY DEMAND

Plaintiff hereby requests trial by struck jury in this cause of action.


_____
OF COUNSEL

14

**PLEASE SERVE DEFENDANTS VIA CERTIFIED MAIL:**

**SCHELL & KAMPETER, INC.**
c/o Gary Schell
103 N Olive St.
Meta MO 65058

**DIAMOND PET FOODS**
c/o Gary Schell
103 N Olive St.
Meta MO 65058

15