IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **LYNN ANDREWS, et. al.,** | |
|    **PLAINTIFFS,** | |
| vs. | CIVIL ACTION NO. 2:06-CV-136-A |
| **SCHELL & KAMPETER, INC.,** et. al., | |
|    **DEFENDANT.** | |

## ANSWER

Comes now Defendant Schell & Kampeter, Inc. d/b/a Diamond Pet Foods and for answer to the numbered paragraphs of the complaint states as follows:

### Introduction

1. Paragraph 1 of Plaintiff's Complaint does not require a response on the part of this Defendant. However, to the extent that Plaintiff alleges class action status in this case, said allegations are denied.

2. Paragraph 2 of Plaintiff's Complaint is not directed at this Defendant and does not require a response on the part of this Defendant. However, to the extent claims of wrongful conduct are made against this Defendant, said allegations are denied.

3.     Paragraph 3 of Plaintiff's Complaint does not require a response on the part of this Defendant.  However, to the extent that Plaintiff alleges class action status in this case and/or to the extent damages are sought against this Defendant, said allegations are denied.

4.     Paragraph 4 of Plaintiff's Complaint does not require a response on the part of this Defendant.  However, to the extent that Plaintiff alleges class action status in this case, said allegations are denied.

5.     Paragraph 5 of Plaintiff's Complaint is not directed at this Defendant and does not require a response on the part of this Defendant.  It is admitted that Plaintiff is not entitled to punitive damages, or any other damages, in this case.

6.     Paragraph 6 of Plaintiff's Complaint does not require a response on the part of this Defendant.  It is admitted that Plaintiff is not entitled to attorney fees, or any other fee awards, in this case.  To the extent that Plaintiff alleges class action status in this case, said allegations are denied.

7.     Paragraph 7 of Plaintiff's Complaint does not require a response on the part of this Defendant.  However, to the extent that Plaintiff alleges class action status in this case and/or to the extent damages are sought against this Defendant, said allegations are denied.

**8.**     This Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint and demands strict proof thereof.

## Statement of the Parties

9. This Defendant adopts and realleges all prior responses to Plaintiff's Complaint.

10. This Defendant is without sufficient information to either admit or deny the allegations contained in paragraph 10 of Plaintiff's Complaint; therefore, the allegations are denied and strict proof is demanded.

11. This Defendant generally admits the allegations contained in paragraph 11 of Plaintiff's Complaint. Diamond Pet Foods is not a legal entity but is a business trade name of Schell & Kampeter, Inc.

12. This Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint. Diamond Pet Foods is not a legal entity but is a business trade name of Schell & Kampeter, Inc.

13. Paragraph 13 of Plaintiff's Complaint appears to be directed at fictitious defendants and does not require a response on the part of this Defendant. However, to the extent claims of wrongful conduct are made against this Defendant, said allegations are denied.

14. Paragraph 14 of Plaintiff's Complaint appears to be directed at fictitious defendants and does not require a response on the part of this Defendant. However, to the extent claims of wrongful conduct are made against this Defendant, said allegations are denied.

15.     Paragraph 15 of Plaintiff's Complaint appears to be directed at fictitious defendants and does not require a response on the part of this Defendant. However, to the extent claims of wrongful conduct are made against this Defendant, said allegations are denied.

16.     Paragraph 16 of Plaintiff's Complaint appears to be directed at fictitious defendants and does not require a response on the part of this Defendant. However, to the extent claims of wrongful conduct are made against this Defendant, said allegations are denied.

17.     Paragraph 17 of Plaintiff's Complaint appears to be directed at fictitious defendants and does not require a response on the part of this Defendant. However, to the extent claims of wrongful conduct are made against this Defendant, said allegations are denied.

18.     Paragraph 18 of Plaintiff's Complaint appears to be directed at fictitious defendants and does not require a response on the part of this Defendant. However, to the extent claims of wrongful conduct are made against this Defendant, said allegations are denied.

## Statement of the Facts

19.     This Defendant adopts and realleges all prior responses to Plaintiff's Complaint.

20. This Defendant generally admits the allegations regarding Schell & Kampeter, Inc., contained in paragraph 20 of Plaintiff's Complaint. Diamond Pet Foods is not a legal entity but is a business trade name of Schell & Kampeter, Inc.

21. This Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint. Diamond Pet Foods is not a legal entity but is a business trade name of Schell & Kampeter, Inc.

22. This Defendant admits that some of its products are manufactured at its plant in Gaston, South Carolina.

23. This Defendant admits the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. This Defendant admits that it initiated a recall of some of its Gaston-manufactured products after discovering that said products might contain inflated levels of aflatoxin.

25. This Defendant admits that Alabama is one of the states serviced by its Gaston facility.

26. This Defendant admits that it issued a media statement on December 20, 2005, advising pet owners whose pets were showing symptoms of illness to consult a veterinarian.

27. This Defendant is without sufficient information to either admit or deny the allegations of paragraph 27 contained in Plaintiff's Complaint; therefore, the allegations are denied and strict proof is demanded.

28. This Defendant is without sufficient information to either admit or deny the allegations of paragraph 28 contained in Plaintiff's Complaint; therefore, the allegations are denied and strict proof is demanded.

29. This Defendant is without sufficient information to either admit or deny the allegations of paragraph 29 contained in Plaintiff's Complaint; therefore, the allegations are denied and strict proof is demanded.

30. This Defendant is without sufficient information to either admit or deny the allegations of paragraph 30 contained in Plaintiff's Complaint; therefore, the allegations are denied and strict proof is demanded.

31. This Defendant is without sufficient information to either admit or deny the allegations of paragraph 27 contained in Plaintiff's Complaint; therefore, the allegations are denied and strict proof is demanded.

32. This Defendant denies the allegations contained in paragraph 32 of Plaintiff's Complaint and demands strict proof thereof.

## Class Allegations

33. This Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint. Specifically, this Defendant requests that the Court deny the Plaintiff's proposed class certification.

34. (Plaintiff utilizes two paragraphs numbered 34.) This Defendant denies the allegations contained in the first paragraph numbered 34 of Plaintiff's Complaint and demands strict proof thereof.

35. (Plaintiff utilizes two paragraphs numbered 35.) This Defendant denies the allegations contained in the first paragraph numbered 35 of Plaintiff's Complaint and demands strict proof thereof.

36. (Plaintiff utilizes two paragraphs numbered 36.) This Defendant denies the allegations contained in the first paragraph numbered 36 of Plaintiff's Complaint and demands strict proof thereof.

37. (Plaintiff utilizes two paragraphs numbered 37.) This Defendant denies the allegations contained in the first paragraph numbered 37 of Plaintiff's Complaint and demands strict proof thereof.

38. (Plaintiff utilizes two paragraphs numbered 38.) This Defendant denies the allegations contained in the first paragraph numbered 38, including subsections A through G, of Plaintiff's Complaint and demands strict proof thereof.

34. (Plaintiff utilizes two paragraphs numbered 34.) This Defendant denies the allegations contained in the second paragraph numbered 34 of Plaintiff's Complaint.

35. (Plaintiff utilizes two paragraphs numbered 35.) This Defendant denies the allegations contained in the second paragraph numbered 35 of Plaintiff's Complaint.

36. (Plaintiff utilizes two paragraphs numbered 36.) This Defendant is unaware of the attorneys' experience in the handling of class actions and other types of claims. This Defendant requests that the Court deny certification of a class. This Defendant denies any remaining allegations contained in the second paragraph numbered 36 of Plaintiff's Complaint.

37. (Plaintiff utilizes two paragraphs numbered 37.) This Defendant denies the allegations contained in the second paragraph numbered 37 of Plaintiff's Complaint.

38. (Plaintiff utilizes two paragraphs numbered 38.) This Defendant denies the allegations contained in the second paragraph numbered 38 of Plaintiff's Complaint.

39. This Defendant denies the allegations contained in paragraph 39 of Plaintiff's Complaint.

[Plaintiff does not utilize any paragraphs numbered 40 through 53.]

## Count One:  Breach of Implied Warranties of Merchantability and Fitness for a Particular Purpose

54. This Defendant adopts and realleges all prior responses to Plaintiff's Complaint.

55. This Defendant denies the allegations contained in paragraph 55 of Plaintiff's Complaint and demands strict proof thereof.

56. This Defendant admits that it represented in its advertising that its products were of high quality.  All remaining allegations contained in paragraph 56 of Plaintiff's Complaint are denied.

57. This Defendant denies the allegations contained in paragraph 57 of Plaintiff's Complaint and demands strict proof thereof.

58. This Defendant denies the allegations contained in paragraph 58 of Plaintiff's Complaint and demands strict proof thereof.

59. This Defendant denies the allegations contained in paragraph 59 of Plaintiff's Complaint and demands strict proof thereof.

60. This Defendant denies the allegations contained in paragraph 60 of Plaintiff's Complaint and demands strict proof thereof.

61. This Defendant denies the allegations contained in paragraph 61 of Plaintiff's Complaint and demands strict proof thereof.

## Count Two:  Negligence

62. This Defendant adopts and realleges all prior responses to Plaintiff's Complaint.

63. This Defendant denies the allegations contained in paragraph 63 of Plaintiff's Complaint and demands strict proof thereof.

64. In response to the allegations contained in paragraph 64 of Plaintiff's Complaint, this Defendant would state that it had a duty to use reasonable care while manufacturing its products and reasonably discharged that duty.  Any remaining allegations are denied.

65. This Defendant denies the allegations contained in paragraph 65 of Plaintiff's Complaint and demands strict proof thereof.

66. This Defendant denies the allegations contained in paragraph 66 of Plaintiff's Complaint and demands strict proof thereof.

67. This Defendant denies the allegations contained in paragraph 67 of Plaintiff's Complaint and demands strict proof thereof.

[Plaintiff does not utilize any paragraphs numbered 68 through 69.]

## Count Three:  Breach of Express Warranty

70. This Defendant adopts and realleges all prior responses to Plaintiff's Complaint.

71. This Defendant is without sufficient information to either admit or deny the allegations of paragraph 71 contained in Plaintiff's Complaint; therefore, the allegations are denied and strict proof is demanded. To the extent that Plaintiff alleges class action status in this case, said allegations are denied.

72. This Defendant admits that it represented in its advertising that its products were of high quality. All remaining allegations contained in paragraph 72 of Plaintiff's Complaint are denied.

73. This Defendant denies the allegations contained in paragraph 73 of Plaintiff's Complaint and demands strict proof thereof.

74. This Defendant denies the allegations contained in paragraph 74 of Plaintiff's Complaint and demands strict proof thereof.

75. This Defendant denies the allegations contained in paragraph 75 of Plaintiff's Complaint and demands strict proof thereof.

### Count Four: Products Liability
### (Alabama Extended Manufacturers' Liability Doctrine)

76. This Defendant adopts and realleges all prior responses to Plaintiff's Complaint.

77. This Defendant denies the allegations contained in paragraph 77 of Plaintiff's Complaint and demands strict proof thereof.

78. This Defendant denies the allegations contained in paragraph 78 of Plaintiff's Complaint and demands strict proof thereof.

79. This Defendant denies the allegations contained in paragraph 79 of Plaintiff's Complaint and demands strict proof thereof.

80. This Defendant denies the allegations contained in paragraph 80 of Plaintiff's Complaint and demands strict proof thereof.

81. This Defendant denies the allegations contained in paragraph 81 of Plaintiff's Complaint and demands strict proof thereof.

82. This Defendant denies the allegations contained in paragraph 82 of Plaintiff's Complaint and demands strict proof thereof.

83. This Defendant denies the allegations contained in paragraph 83 of Plaintiff's Complaint and demands strict proof thereof.

## Count Five:  Unjust Enrichment

84. This Defendant adopts and realleges all prior responses to Plaintiff's Complaint.

85. This Defendant generally admits that it receives economic benefits from the sale of its products.  Any remaining allegations contained in paragraph 85 of Plaintiff's Complaint are denied.

86. This Defendant denies the allegations contained in paragraph 86 of Plaintiff's Complaint and demands strict proof thereof.

87.     This Defendant denies the allegations contained in paragraph 87 of Plaintiff's Complaint and demands strict proof thereof.

## Prayer for Relief

In response to the Plaintiff's "Prayer for Relief" section, including paragraphs 1-8, all allegations are denied.

## Affirmative Defenses

1.      This Defendant states that the claimed injuries and damages were not caused by any actual conduct on the part of this Defendant, or caused or contributed to by the acts or fault of third parties over whom this Defendant had no control and for whom this Defendant is not responsible and, or were caused by intervening or superseding events, factors, occurrences or conditions which were not caused by this Defendant.

2.      This Defendant pleads lack of privity of contract.

3.      The Defendant pleads any disclaimer of warranties and/or limitations of remedies applicable pursuant to the Alabama Uniform Commercial Code and/or product literature.

4.      This Defendant pleads the no causal relation defense pursuant to the Alabama Manufacturers Extended Liability Doctrine.

5.      Plaintiff failed to provide notice of breach of warranty.

6. In the alternative, if Plaintiff has not retained product packaging and/or unfed product, then Defendant pleads spoliation of evidence.

7. This Defendant relies upon the provisions and defenses of the Alabama Extended Manufacturers' Liability Doctrine ("AEMLD") found at Ala. Code (1975) § 6-5-500, *et seq.*.

8. This Defendant relies upon the provisions and defenses of the Uniform Commercial Code ("UCC") found at Ala. Code (1975) § 7-1-101, *et seq*.

WHEREFORE, this Defendant demands a jury to try the issues joined and requests that the Plaintiff's cause be dismissed, with costs taxed to the Plaintiff.

Respectfully submitted this the 21st day of February 2006.

         __S/Dennis R. Bailey_____
         Dennis R. Bailey (BAI028)
         Robert C. Ward, Jr. (WAR038)
         Bethany L. Bolger (BOL035)
         Attorneys for Defendant Schell & Kampeter, Inc.,
         d/b/a Diamond Pet Foods

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street
Post Office Box 270
Montgomery, Alabama 36101-0270
(334) 206-3234 (Bailey phone)
(334) 206-3229 (Ward phone)
(334) 206-3194 (Bolger phone)
(334) 481-0031 (fax)
drb@rsjg.com (Bailey e-mail)
rcw@rsjg.com (Ward e-mail)
bbolger@rsjg.com (Bolger e-mail)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this the 21st day of February 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notice of such filing to the following:

Jason A. Stuckey (jstucky@cochranfirm.com; jason@gulaslawfirm.com)

Theodore A. Gulas (ike@gulaslawfirm.com)

    S/Dennis R. Bailey_____
Of counsel