IN THE UNTIED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| NICOLE D. BASS, Individually, and on behalf of similarly situated persons, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SCHELL & KAMPETER, INC. )<br>DIAMOND PET FOODS, INC., and )<br>DIAMOND PET FOODS, )<br>)<br>Defendants, ) | No.  3:05-cv-586<br>  Varlan/Guyton<br><br><br>JURY DEMAND |

## ANSWER

Come the Defendants, by and through counsel, and in response to the Complaint filed against them would state as follows:

1. It is denied that the Plaintiffs' Complaint should be certified as a class action. The Defendants are without sufficient knowledge to either admit or deny the remaining allegations contained in paragraph 1 of the Complaint and therefore, the allegations are denied and strict proof is demanded.

2. It is admitted that this court has jurisdiction over this matter due to diversity. It is admitted that the Plaintiff has sued for an amount in excess of five million dollars. It is denied that the Plaintiff is entitled to such an amount, or any amount. Any remaining allegations contained in paragraph 2 of the Complaint are denied.

3. At this time, these Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 3 of the complaint. It is admitted that the Plaintiff has averred that she purchased dog food made by the Defendants in this judicial district. Strict proof of these allegations is demanded and the remainder of paragraph 3 of the Complaint is denied.

4. It is admitted that Rule 23 of the Federal Rules of Civil Procedure deals with class actions.

5. The Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 5 of the Complaint and therefore, the allegations are denied and strict proof is demanded.

6. The Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 6 of the Complaint and therefore, the allegations are denied and strict proof is demanded.

7. The Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 7 of the Complaint and therefore, the allegations are denied and strict proof is demanded.

8. The Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 8 of the Complaint and therefore, the allegations are denied and strict proof is demanded.

9. The Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 9 of the Complaint and therefore, the allegations are denied and strict proof is demanded.

10. The Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 10 of the Complaint and therefore, the allegations are denied and strict proof is demanded.

11. The allegations contained in paragraph 11 of the Complaint regarding Schell and Kampeter, Inc. are generally admitted. Diamond Pet Foods, Inc. and Diamond Pet Foods are not legal entities but are business trade names.

12. The allegations contained in paragraph 12 of the Complaint are admitted.

13. The allegations contained in paragraph 13 of the Complaint are admitted.

14. It is admitted that the Defendants provide information to dog and cat owners about their products and about dog nutrition. The remaining allegations contained in paragraph 14 of the Complaint are denied.

15. It is admitted that the Defendants manufacture or offer for sale premium pet food products. The remainder of the allegations contained in paragraph 15 of the Complaint are denied.

16. It is admitted that the Defendants are knowledgeable about the nutritional needs of pets. The remainder of the allegations contained in paragraph 16 of the Complaint are denied.

17. It is admitted that the quotes contained in paragraph 17 can be found on Defendants' webpage.

18. It is admitted that the quotes contained in paragraph 18 can be found on Defendants' webpage.

19. It is admitted that the Defendants use reasonable care in developing their products and that they do produce their products under controlled conditions.

20. It is admitted that the quotes contained in paragraph 20 of the complaint can be found on Defendants' webpage. The allegations of paragraph 20 of the Complaint are otherwise denied.

21. It is admitted that the quotes contained in paragraph 21 of the complaint can be found on Defendants' webpage. The allegations of paragraph 21 of the Complaint are otherwise denied.

22. It is admitted that the quotes contained in paragraph 22 of the complaint can be found on Defendants' webpage.

23. It is admitted that the quotes contained in paragraph 23 of the complaint can be found on Defendants' webpage.

24. It is admitted that the Defendants advertise that their products are premium and appropriate for dogs and cats. The remainder of the allegations contained in paragraph 24 of the complaint are denied.

25. It is admitted that paragraph 25 contains a partial list of the products manufactured by the Defendants.

26. The allegations contained in paragraph 26 of the Complaint are admitted.

27. It is admitted that the Diamond plant in Gaston, SC complies with industry standards.

28. It is admitted that the defendant advertised its product to be of high quality. The remainder of the allegations contained in paragraph 28 of the Complaint are denied.

29. It is admitted that the Defendants produced some product during October 2005 which contained inflated levels of aflatoxin.

30. It is admitted that the Defendants produced some pet food with inflated levels of aflatoxin, which may have been sold in the states named in paragraph 30.

31. The allegations contained in paragraph 31 of the Complaint are admitted.

32. The Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 32 of the Complaint and therefore, the allegations are denied and strict proof is demanded.

33. The Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 33 of the Complaint and therefore, the allegations are denied and strict proof is demanded.

34. The Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 34 of the Complaint and therefore, the allegations are denied and strict proof is demanded.

35. The Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 35 of the Complaint and therefore, the allegations are denied and strict proof is demanded.

36. The Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 36 of the Complaint and therefore, the allegations are denied and strict proof is demanded.

37. The Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 37 of the Complaint and therefore, the allegations are denied and strict proof is demanded.

38. The Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 38 of the Complaint and therefore, the allegations are denied and strict proof is demanded.

39. The Defendants are without sufficient knowledge to either admit or deny the allegations contained in paragraph 39 of the Complaint and therefore, the allegations are denied and strict proof is demanded.

40. The allegations contained in paragraph 40 of the Complaint are admitted.

41. The allegations contained in paragraph 41 of the Complaint are denied.

42. The allegations contained in paragraph 42 of the Complaint are denied.

43. The allegations contained in paragraph 43 of the Complaint are denied.

44. The allegations contained in paragraph 44 of the Complaint are denied.

45. The allegations contained in paragraph 45 of the Complaint are denied.

46. In response to the allegations contained in paragraph 46 of the Complaint, the Defendants would state that they had a duty to use reasonable care while manufacturing their products and reasonably discharged that duty.

47. The allegations contained in paragraph 47 of the Complaint are denied.

48. The allegations contained in paragraph 48 of the Complaint are denied.

49. The allegations contained in paragraph 49 of the Complaint are denied.

50. The allegations contained in paragraph 50 of the Complaint are denied.

51. The allegations contained in paragraph 51 of the Complaint are denied.

52. The allegations contained in paragraph 52 of the Complaint call for a legal conclusion and therefore, no response is required.

53. The allegations contained in paragraph 53 of the Complaint are not capable of a response and therefore, the allegations are denied and strict proof is demanded.

54. It is admitted that the Defendants represented in their advertising that their dog food was of high quality.

55. The allegations contained in paragraph 55 of the Complaint are denied.

56. The allegations contained in paragraph 56 of the Complaint are denied.

57. The allegations contained in paragraph 57 of the Complaint are denied.

58. The allegations contained in paragraph 58 of the Complaint are denied.

59. The allegations contained in paragraph 59 of the Complaint are denied. Specifically, the Defendants request that the court deny the Plaintiff's proposed class certification.

60. The allegations contained in paragraph 60 of the Complaint are denied.

61. The allegations contained in paragraph 61 of the Complaint, including subsections A through Q, are denied.

62. The allegations contained in paragraph 62 of the Complaint are denied.

63. The allegations contained in paragraph 63 of the Complaint are denied.

64. The allegations contained in paragraph 64 of the Complaint are denied.

65. The allegations contained in paragraph 65 of the Complaint are denied.

66. The Defendants are unaware of the attorneys' experience in the handling of class actions and other types of claims. The Defendants request that the court deny the certification of a class. Any remaining allegations contained in paragraph 66 of the Complaint are denied.

67. The Defendants request that the court deny the Plaintiff's request to certify this case as a class action in accordance with Rule 23 of the Federal Rules of Civil Procedure.

68. The Defendants also demand a jury trial on all issues.

69. In response to the Plaintiff's "prayer for relief" section, including paragraphs 1-11, all allegations are denied.

70. Any allegations not heretofore admitted, explained or denied are here and now denied as though separately set forth and specifically denied.

71. Strict proof is demanded as to any and all allegations of injuries and damages.

72. While denying any negligence or fault whatsoever on their part, the Defendants rely upon the doctrine of comparative fault in that the corn used in the

subject Diamond products was sold to the Defendants by Performance Ag, LLC Rt. 1, Box 706 Ridgeland, SC 29936. Accordingly, should it be found that Defendants' product was defective, Performance Ag, LLC supplied to the Defendants a defective and nonconforming product that failed to meet the agreed specifications and accordingly, Performance Ag, LLC should be liable in this cause in full or in part under the doctrine of comparative fault.

73. Additionally, the Defendants reserve the right to Amend their Answer, including the amendment to add additional allegations of comparative fault, including but not limited to fault of now unknown farm(s) that supplied products used in Defendants' products.

74. It is denied that the Plaintiffs are entitled to judgment in the amount demanded in this cause, or in any amount.

74. These Defendants rely upon the provisions and defenses of the Tennessee Products Liability Act found at T.C.A. § 29-28-101 *et. seq*.

75. These Defendants rely upon all provisions and defenses found in the Uniform Commercial Code (UCC) found at T.C.A. § 47-1-101 *et. seq*.

76. The Complaint fails to state a claim for which relief can be granted.

WHEREFORE, the Defendants demand a jury to try the issues joined and request that the Plaintiffs' cause be dismissed, with costs taxed to the Plaintiff.

O'NEIL, PARKER & WILLIAMSON

s/Jeffrey R. Thompson
William A. Young, BPR #001345
Jeffrey R. Thompson, BPR # 020310
Attorneys for Defendants
P. O. Box 217
Knoxville, Tennessee 37901-0217
(865) 546-7190

CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2006, a copy of the foregoing "Notice of Appearance" was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

This 13th day of February, 2006.

s/Jeffrey R. Thompson
for O'Neil, Parker & Williamson